## *ELLETT* v. *VIRGINIA.*

The head-note for this case will be found on pages 663, 664, *ante.*

MR. JUSTICE BRADLEY continued, stating the case as follows:

The case of *Ellett* v. *The State of Virginia* was a suit brought to recover the amount of a judgment previously rendered against Ellett in the Circuit Court of Richmond for taxes and costs, the amount of taxes being $39.52, and the costs being $24.49. Execution having been issued upon this judgment, the defendant Ellett tendered to the sheriff, in payment thereof, coupons for the whole amount, lacking $1.49, which he tendered in lawful money. The coupons purported to be cut from a bond issued under the act of March 30, 1871, and were overdue, and each bore upon its face a contract of the State of Virginia that it should be received in payment of all taxes, debts and demands due to her. The defendant pleaded this tender and averred that the sheriff refused to receive the said coupons and money, alleging that he was forbidden to do so by the act of May 12, 1887, and that he, the defendant, has always been ready and willing since said tender to deliver said coupons and money to the sheriff in payment of said execution, and was still ready and willing to do so, and brought the same into court for that purpose. This plea was rejected by the court. A verdict was given for the plaintiff and judgment rendered thereon, which was affirmed by the Supreme Court of Appeals of the State of Virginia.

*Mr. Daniel H. Chamberlain* and *Mr. William L. Royall* for plaintiff in error.

*Mr. R. A. Ayers*, Attorney General of the State of Virginia and *Mr. J. Randolph Tucker* for defendant in error.

These fees are not payable out of the treasury, and are not recovered for the Commonwealth, but for the officer of the court. The Supreme Court of Appeals of Virginia, in the decision complained of here, said: "These fees were not for taxes, debts and demands due the Commonwealth, but were the prop-

erty of the officers of the court upon which the State had and could have no valid claim."

This court, when construing state statutes, will always adopt the construction given by state courts, if possible. *Elmendorf* v. *Taylor*, 10 Wheat. 152; *Bell* v. *Morrison*, 1 Pet. 351; *Sumner* v. *Hicks*, 2 Black, 532; *Richmond* v. *Smith*, 15 Wall. 429. The court uniformly adopts the decisions of the state tribunals in the construction of their own statutes or on questions arising out of the common law of the State. *Green* v. *Neal*, 6 Pet. 291; *Beauregard* v. *New Orleans*, 18 How. 497. It will not be contended that a state statute which provided that there should be a separate judgment in favor of the officers against the defendant for their fees in every case where there was judgment in favor of the Commonwealth under a statute which forbids payment of such fees out of the treasury, would be unconstitutional. This is exactly the effect of the decision of the state court which decides that these fees are the property of the officers, — that this is the proper construction to place upon the act of May 12, 1887, in so far as it refers to such fees.

MR. JUSTICE BRADLEY continued, delivering the opinion of the court:

The point made in this case is, that the costs included in the judgment on which the present suit was brought were not a debt due to the State of Virginia in her own right, but were due to the officers in whose favor they were taxed and whose services they were to compensate. We think that this point is untenable. The costs were recovered by the State of Virginia in the original action, to compensate her for the fees which she had to pay to the officers for their services. The demand of the officers for their costs was a demand against the State of Virginia, and not against the defendant; and by reason of this demand against her, she was entitled to recover the amount against the defendant; so that in no legal sense can it be said that the costs included in the judgment belonged to the officers and not to the State. They were recovered by

her in form, and they belonged to her, when recovered, in substance. We are of opinion, therefore, that

> *This judgment must also be reversed, and the record remanded for the purpose of such proceedings as may be required in due course of law, in accordance with this opinion.*